**United States District Court**
**For the Northern District of California**

1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10
11

BETTA PRODUCTS INC., and DANA
MCCURNIN,

No. C 05-02274 CRB

12
13

Plaintiffs,

14

v.

15

ANDREW DYAKON,

16

Defendant.
_____/

17
18

BETTA PRODUCTS INC., and DANA
MCCURNIN,

No. C 06-2417 CRB

19

Plaintiffs,

20

v.

**ORDER DENYING MOTIONS FOR
RECONSIDERATION AND
MOTIONS FOR RULE 11
SANCTIONS**

21

RICHARD SHINDLE,

22

Defendant.
_____/

23
24
25

After issuing Orders To Show Cause and holding oral argument, the Court entered an

26

Order dismissing the above cases for plaintiffs' failure to prosecute.  Now pending before the

27

Court are plaintiffs' motions for reconsideration pursuant to Federal Rule of Civil Procedure

28

59(e) and Rule 60(b) and defendants' motions for Rule 11 sanctions.  After carefully

considering the pleadings and evidence, and the entire record in these cases, the Court

DENIES all motions.

**PROCEDURAL HISTORY**

Plaintiffs Betta Products, Inc. ("Betta") and Dana McCurnin, trustee of the Betta Products Litigation Trust (collectively "plaintiffs"), filed these related actions.  On May 5, 2008, the Court sua sponte dismissed <u>Betta v. Shindle</u>, 06-2417 CRB, based on plaintiffs' failure to take any action in the case for more than two years, and in light of plaintiffs' representation–under oath–in a related case that plaintiffs no longer had available to them any witnesses who are knowledgeable about Betta's corporate records.  Plaintiffs responded by filing a motion to vacate the dismissal on the ground that they had not had the opportunity to defend their inaction and that they had good cause for their failure to take any action to prosecute the lawsuit.  Accordingly, the Court vacated the dismissal and ordered plaintiffs to show cause why the action should not be dismissed for their failure to prosecute.

Defendant Richard Shindle filed an opposition to plaintiffs' motion to vacate, and in his opposition notified the Court that plaintiffs had another action pending before this Court that plaintiffs had failed to prosecute for nearly three years, <u>Betta v. Dyakon</u>, 05-2274 CRB. In response the Court issued an Order to Show Cause why the <u>Dyakon</u> matter should also not be dismissed based on plaintiffs' failure to prosecute that action.  The Court scheduled a hearing on the Orders To Show Cause for June 19, 2008 and notified the parties that in deciding whether to dismiss, the Court would consider the entire record to date, including plaintiffs' submissions in connection with its motion to vacate the dismissal in <u>Shindle</u>.

Plaintiffs filed written oppositions and evidence in opposition to the Show Cause Orders.  Plaintiffs explained that they had not taken any, or, at most, very little action to prosecute these actions due to Betta's bankruptcy and its June 2006 cessation of business; given their limited resources they decided to prosecute other actions before proceeding with these two lawsuits.  The Court held oral argument at which plaintiffs reiterated the arguments set forth in their written oppositions.  At no time during oral argument did plaintiffs suggest that they needed, or would at least like, additional time to respond to the Court's Show Cause Orders.

United States District Court
For the Northern District of California

1     The Court applied the Ninth Circuit's five factor test for determining whether to

2  dismiss a case for failure to prosecute and found that dismissal is warranted.  In so ruling the

3  Court found that plaintiffs' excuse for their delay is frivolous and not reasonable as a matter

4  of law.  June 24, 2008 Order at 5-6.  The Court also found that plaintiffs had not rebutted the

5  presumption of prejudice that arose from their unreasonable delay in prosecution.  Id. at 7.

6  Finally, the Court found that plaintiffs had not proposed--and the Court was not aware of--

7  any available less drastic sanctions for plaintiffs' delay.  Id. at 7-8.  Accordingly, the Court

8  dismissed the cases with prejudice and entered judgment in favor of defendants.

9     Plaintiffs now move for reconsideration pursuant to Federal Rule of Civil Procedure

10  59(e) and Rule 60(b); specifically, plaintiffs ask the Court to vacate the judgments and set the

11  cases for trial.  Defendants oppose the motions and have moved for Rule 11 sanctions on the

12  ground that plaintiffs' reconsideration motions are frivolous.

13                                **DISCUSSION**

14  **I.      Motions For Reconsideration**

15     A district court may reconsider an order granting judgment under either Federal Rule

16  of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from

17  judgment).  See School Dist. No. 1J, Multnomah County, Or. V. ACandS, 5 F.3d 1255, 1262

18  (9th Cir. 1993).  Plaintiffs cite to both Rules.

19     Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented

20  with newly discovered evidence, (2) committed clear error or the initial decision was

21  manifestly unjust, or (3) if there is an intervening change in controlling law.  Id. at 1263.

22  Although plaintiffs do not identify upon which prong they rest their motion, they appear to

23  argue that the Court "committed clear error" or that the Court's decision was "manifestly

24  unjust" because their claims have merit and can be proved through the testimony of Dennis

25  Walsh and plaintiff Dana McCurnin.  They assert: "[i]t is apparent from the Court's Order

26  that the court presumed that Plaintiffs would be unable to produce evidence to support their

27  claims and that this presumption influenced the Court's Order and Judgment."

28

United States District Court
For the Northern District of California

The Court did not dismiss plaintiffs' claims because it believed plaintiffs' claims were without merit; the Court dismissed plaintiffs' lawsuits based on its consideration of the five factors, none of which include the merits of the plaintiffs' lawsuits.  The Court found that the first factor–the public's interest in expeditious resolution of litigation–weighs in favor of dismissal because of plaintiffs' delay in taking any action to prosecute these actions.  Order at 5.  The Court also found that plaintiffs' explanation for their delay–that they unilaterally decided to utilize their and their law firm's limited resources to prosecute other lawsuits first–was unreasonable.  Id at 5-6.  The Court also noted its concern that these actions could be expeditiously resolved in light of plaintiffs' representation under oath in a related action before this Court that they are unable locate any persons who have firsthand knowledge of Betta's corporate records.  Id. at 6.

Plaintiffs' seize on this last statement to support their claim that the Court dismissed their lawsuits because it erroneously believed they could not prove their cases.  Plaintiffs' misconstrue the Court's Order.  The Court found that the first factor weighed in favor of dismissal because of the length of plaintiffs' inaction and the unreasonableness of their excuse.  The Court's concern with whether these actions could be expeditiously resolved was noted, but was not central to the Court's decision.  Even if the Court did not have that concern, it would have still found–and does find–that the first factor weighs in favor of dismissal; plaintiffs have not cited any caselaw, and the Court is aware of none, which provides that a plaintiff may file a case and then unilaterally decide not to take any action to prosecute the case because it would rather use its limited resources to instead prosecute other actions.

In any event, plaintiffs have still not explained their representations in the related case. When plaintiffs and their counsel were potentially on the hook for thousands of dollars in attorney fees and costs, they represented to the Court that all of Betta's records had been placed in storage and that they have been unable to locate any former Betta personnel with knowledge of and the ability to authenticate Betta's corporate records.  See Betta v. Transglobal, 05-2273 CRB, Docket no. 161, Declaration of Laura Portillo, Dec. 3, 2007 at

**United States District Court**
For the Northern District of California

1  ¶ 25 ("<u>All</u> of Betta's records were placed in storage, and the people who had knowledge of

2  the contents of these records were no longer available to the Committee to prosecute the

3  lawsuit."); <u>id.</u> ¶ 27 (noting that when defendants noticed the deposition of the person most

4  knowledgeable plaintiffs were "unable to locate any person who had firsthand knowledge of

5  Betta's corporate records"); <u>Betta v. Transglobal</u>, 05-2273 CRB, Docket no. 165,

6  Declaration of Dennis Walsh, Dec. 4, 2007 at ¶ 6 (explaining that the voluntary dismissal of

7  the <u>Transglobal</u> action "reflected the harsh reality that <u>all</u> of Betta's former personnel have

8  moved on and there is [sic] no available witnesses to testify and locate and authenticate

9  documents and otherwise assist in proving the Plaintiffs' case.") (emphasis added).  Now

10  plaintiffs take a different position: they claim that two of the former personnel who have

11  been assisting with all of the Betta cases from the beginning–Dennis Walsh and plaintiff

12  Dana McCurrin–do, in fact, have knowledge of the corporate records relevant to these two

13  cases; they just do not have knowledge of the corporate records relevant to the case in which

14  plaintiffs were defending the motion for attorney fees and costs.  Regardless of whether

15  plaintiffs now believe they have the records and witnesses they need to prove these two

16  cases, however, Betta's closure more than two years ago, and the concomitant dispersal of

17  Betta's personnel, will make it difficult for defendants to fairly mount a defense; thus the

18  Court's concern with the expeditious resolution of the cases remains.

19      The Court also mentioned plaintiffs' representations about the availability of

20  corporate records in connection with the prejudice factor.  First, the Court found that a

21  presumption of actual prejudice applies because plaintiffs do not have a non-frivolous excuse

22  for their failure to take any action to prosecute these two lawsuits.  <u>See</u> <u>In re Eisen</u>, 31 F.3d

23  1447, 1454 (9th Cir. 1994) ("courts presume injury based on the fact that witnesses move

24  away and their memories fade") (internal quotation marks and citation omitted).

25      Second, the Court found that regardless of the presumption, defendants have suffered

26  actual prejudice because (1) the cases involve events that occurred more than six years ago,

27  (2) since that time Betta has ceased operations, terminated all of its employees, and placed all

28  of its documents in storage, and (3) plaintiffs have represented that they no longer have

United States District Court
For the Northern District of California

available anyone with firsthand knowledge of Betta's corporate records.  These findings have nothing to do with the merits of plaintiffs' cases; rather, they concern defendants' ability to fairly defend these actions in light of plaintiffs' unreasonable delay.

In sum, the whole premise of plaintiffs' motions for reconsideration–that the Court dismissed their lawsuits because they did not produce "summary judgment type" evidence supporting their claims–is wrong.  The Court dismissed their lawsuits because they unreasonably delayed the prosecution of these actions.

It follows, then, that the other *new* argument raised in plaintiffs' motions also fail. Plaintiffs complain that the Court did not give plaintiffs notice that they needed to produce "summary judgment type" evidence and even if the Court had given them notice, did not give them enough time to produce such evidence.  As is explained above, such evidence is of limited relevance; the Court's dismissal decision is not based on a finding that plaintiffs' claims are without merit.  See id. 31 F.3d at 1454.  This "summary judgment type" evidence is the only evidence plaintiffs claim they did not have time to submit to the Court; they do not argue that they did not have an adequate opportunity to explain the reasons for their lack of diligence.  Nor could they.  First, they never asked the Court for more time, even at oral argument.  Second, their motion to vacate the Shindle judgment, responses to the two Orders to Show Cause, and their motions for reconsideration, all posit the same excuse: plaintiffs simply chose to prosecute other actions first.

Plaintiffs' remaining arguments rehash the same arguments made in their motion to vacate and their responses to the Show Cause Order and thus may not form the basis for motions for reconsideration under Rule 59(b) as a matter of law.

Plaintiffs also cite Rule 60(b) in support of their motions for reconsideration.  Relief is also unavailable under this Rule.  "Rule 60(b) provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief.  None of these potential grounds for relief is

1   applicable here." <u>School Dist. No. 1J, Multnomah County</u>, 5 F.3d at 1263 (internal quotation

2   marks and citation omitted).

3       **II.     Defendants' Motion for Rule 11 Sanctions**

4       Defendants move for Rule 11 sanctions.  They argue that the evidence offered by

5   plaintiffs in support of their motions was not recently discovered and thus may not form the

6   basis of a motion for reconsideration and the rest of plaintiffs' arguments simply repeat

7   arguments they have previously made to the Court.

8       The Court agrees that much of plaintiffs' motions for reconsideration simply

9   repeat–sometimes nearly verbatim–the arguments made in their motion to vacate and their

10  responses to the Show Cause Orders and thus are not appropriate bases for a motion for

11  reconsideration.  The gravamen of their motions, however, is that their cases have merit.

12  While plaintiffs have not persuaded the Court to reconsider its earlier rulings, the Court does

13  not find the motions sanctionable, especially in light of the result of the earlier rulings:

14  dismissal with prejudice.  The Court also does not find plaintiffs' presentation of the

15  affidavit to be sanctionable.  Accordingly, the Court in its discretion DENIES the motions for

16  Rule 11 sanctions.

17      **IT IS SO ORDERED.**

18      Dated: September 8, 2008

        _____
19                                          CHARLES R. BREYER
                                            UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California